## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANNY MOORE, SR.** ) | Case Number |
| ) | |
| **Plaintiff** ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | |
| ) | |
| **I.C. SYSTEMS, INC.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant** ) | |
| ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Danny Moore, Sr., by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Danny Moore, Sr., is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in the State of New Jersey and Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Danny Moore, Sr., is an adult natural person residing at 25 Patriot Court, Sicklerville, NJ 08081.

5. Defendant, I.C. Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New Jersey with its principal place of business located at 444 Highway 96 East, Saint Paul, MN 55127.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around July, 2008, Defendant began a barrage of harassing and abusive communications to Plaintiff and third parties regarding an alleged credit card debt owed to Washington Mutual.

8. At times, Plaintiff has received between 4 and 5 calls per day from Defendant's agents, including but not limited to, Liz, Mike and Kay (purportedly a supervisor). During these phone communications, Defendant's agents have stated, "we'll handle this in court." Defendant's agents have also asked Plaintiff, "you wouldn't want to put your home in jeopardy, would you?"

9. On December 7, 2008, while speaking to Defendant's agent, Liz, Plaintiff requested that the relentless phone calls cease. Liz informed Plaintiff, "you're nothing but a debtor."

10. Subsequently, Plaintiff's 23 year old son, Danny Moore, Jr., happened to pick up the phone while at his father's house. Defendant's agent began to discuss the debt with Danny Moore, Jr. Despite the fact that Mr. Moore, Jr. explained to Defendant's agent that he, in fact, was not the Plaintiff, Defendant's agent continued to attempt to collect the debt from Plaintiff's son. This caused the Plaintiff severe embarrassment.

11. On each occasion that Plaintiff asked to speak to a supervisor, he was transferred to Defendant's agent, Kay. Subsequently, Defendant's agent, Kay, informed Plaintiff that she was not, in fact , a supervisor.

12. Defendant has never sent Plaintiff the required 30 day validation notice. Despite this fact, Defendant, by and through its agents, continues to harass Plaintiff on a daily basis, sometimes multiple times per day.

13. Defendant has not sued Plaintiff in regard to the alleged debt.

14. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

15. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, communicated with persons other than the Plaintiff that the Plaintiff owes a debt and made such communications on multiple occasions.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT 1 – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692b(1), b(2), c(a)(1), c(b), d, d(2), d(5), d(6), e, e(2), e(4), e(5), e(7), e(10), e(11), f, f(6) and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, I.C. Systems, Inc. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: January 12, 2009**     BY:   */s/ Bruce K. Warren*
Bruce K. Warren, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff